## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**J.R. HURD, et al.**                                                                 **PLAINTIFFS**

**v.**                                      **Case No.: 4:21-CV-1207-LPR**

**FLYWHEEL ENERGY PRODUCTION, LLC**                              **DEFENDANT**

## ORDER

Flywheel Energy Production, LLC ("Flywheel") operates gas wells.[1]  Each Plaintiff in this case owns property on which Flywheel is operating.[2]  Flywheel has leases with each of the Plaintiffs.[3]  As a very general matter, the leases require Flywheel to make royalty payments to each Plaintiff based on the sale price of the gas produced from that Plaintiff's land.[4]  The controversy in the instant case principally involves the interplay between the language of the leases and the language of an Arkansas statute.  As both parties appear to agree, the leases do not allow Flywheel to deduct most post-production costs and expenses from Plaintiffs' royalty payments.[5]  Plaintiffs principally allege that (1) Flywheel has violated the leases by deducting such costs and expenses from a portion of the royalty payments, and (2) Flywheel has done so based on an erroneous interpretation of Ark. Code Ann. § 15-72-305.[6]

The original Complaint in this lawsuit was filed in December of 2021.  An Amended Complaint was filed on June 6, 2022.  Flywheel did not file a motion to dismiss.  It filed an Answer

---

[1] Am. Compl. (Doc. 14) ¶ 12.

[2] *Id.* ¶¶ 7–14.

[3] *Id.*

[4] *Id.* ¶ 14.

[5] *Id.* ¶ 16.

[6] *Id.* ¶ 19.

to the original Complaint and an Amended Answer to the Amended Complaint.[7]  The case has otherwise been quiet, and the Court assumes discovery has been moving forward pursuant to the Final Scheduling Order.  Under that Final Scheduling Order, the parties were facing a discovery deadline of November 11, 2022, and a summary judgment deadline of December 12, 2022.[8]

On August 26, 2022, the parties filed a joint motion requesting certification of a question to the Arkansas Supreme Court.[9]  The question the parties want certified is, essentially, whether Ark. Code Ann. § 15-72-305 authorizes Flywheel to deduct post-production expenses and costs from a portion of the royalty payments notwithstanding the leases' provisions to the contrary.[10] Along with their certified-question request, the parties requested a stay of the instant proceedings pending the answer to the certified question.[11]  They explained that "[t]here are upcoming deadlines in this case—including, in November, the discovery deadline—and much of the parties' work toward those deadlines may be moot depending on the outcome of the certification proceeding."[12]

The question presented by the parties for certification is a serious, difficult, and novel one. The answer to the question will have significant implications for numerous stakeholders in Arkansas—including but not limited to landowners and gas producers.  So, the parties' request has some real weight.  Because the Court was seriously considering granting the request, the Court stayed the litigation and case deadlines until it decided whether to grant or deny the certification

---

[7] Answer (Doc. 6); Am. Answer (Doc. 15).

[8] Final Scheduling Order (Doc. 10).

[9] Joint Mot. to Certify Question (Doc. 16).

[10] *Id.* at 1.

[11] *Id.*

[12] *Id.* at 2.

request.[13]  However, as explained below, the Court has now concluded that the certification request is premature.  Accordingly, the request is denied without prejudice and the stay is lifted.  On its own motion, and to account for the stay, the Court extends all deadlines in the Final Scheduling Order by one month.

The reason for the denial of the certified-question request is not substantive.  Indeed, the Court can easily imagine certifying this question to the Arkansas Supreme Court at some point in this litigation.  The reason for the denial of the certified-question request is one of timing.  The Court has significant concerns because there is currently no pending dispositive motion whose outcome would (or might) be dictated by the Arkansas Supreme Court's answer to the certified question.[14]  Although the language of Arkansas Supreme Court and Court of Appeals Rule 6-8 does not entirely preclude certification in such circumstances,[15] principles of federalism and comity counsel against doing so.

A federal trial court should not make demands—even demands that can be refused—on the highest court of a state unless it is absolutely necessary to do so.  If there is a way to resolve a federal case without deciding a question that requires certification, such an approach should generally be taken.  But the determination of whether a case can be resolved without deciding a question that requires certification is hard to make in a vacuum.  It often depends on how the case

---

[13] Order (Doc. 18).

[14] The parties cite to several cases where judges in this district have certified questions to the Arkansas Supreme Court. In all of those cases, there was pending on the docket a dispositive motion whose outcome could have been dictated by the answer to the certified question.  *See Pennington v. BHP Billiton Petroleum (Fayetteville) LLC*, No. 4:20-CV-00178-LPR, 2021 WL 1396299, at *1 (E.D. Ark. April 12, 2021) ("[T]he Court issued an Order resolving most of the Defendants' pending Motion to Dismiss. . . . However, one question remains undecided[.]"); *Lovellette v. Carlos Jose Peres Lagos Inc.*, No. 2:19-CV-00083-LPR, 2021 WL 799090, at *1 (E.D. Ark. Mar. 2, 2021) ("Pending before the Court is Defendants' Motion for Summary Judgment."); *Air Evac EMS, Inc. v. USAble Mut. Ins. Co.*, No. 4:16-CV-00266-BSM, 2017 WL 4876302, at *1 (E.D. Ark. Feb. 7, 2017) ("In considering a motion to dismiss . . . .").

[15] Rule 6-8 speaks in terms of whether a question of Arkansas law "may be determinative of the cause."  Ark. R. Sup. Ct. & Ct. App. 6-8(a)(1).  In some circumstances, one might be able to conclude that a question of law "may be determinative of the cause" before any dispositive motion is filed.

develops during discovery and what arguments the parties make in a summary judgment motion (or other dispositive motion).  In the instant litigation, the Court thinks it is likely that it will have to certify a question to the Arkansas Supreme Court.  But "thinking it is likely" is not the same as being certain it is necessary.  That judgment call must await the parties' dispositive motions briefing.

The certified-question request is DENIED without prejudice.  The stay is lifted.  All deadlines in the Final Scheduling Order are extended by one month.

IT IS SO ORDERED this 9th day of September 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE