**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**J.R. HURD; SARA SMITH HURD;**                                                      **PLAINTIFFS**
**PATRICIA HURD MCGREGOR;**
**VICTORIA HURD GOEBEL; DAVID W.**
**KILLAM; ADRIAN KATHLEEN KILLAM;**
**TRACY LEIGH KILLAM-DILEO; and**
**KILLAM OIL COMPANY, LTD.**

**v.**                                      **Case No. 4:21-CV-01207-LPR**

**FLYWHEEL ENERGY PRODUCTION, LLC**                                        **DEFENDANT**

<u>**ORDER**</u>

Both sides have filed Motions for Partial Summary Judgment.[1]  Each Motion seeks a liability determination on Plaintiffs' royalty-underpayment claims as set forth in Counts I and II of Plaintiffs' operative Complaint.[2]  After the summary-judgment briefing closed, the parties jointly asked this Court to certify a question of law to the Arkansas Supreme Court.[3]  The Court agreed to do so and stayed this case while awaiting the Arkansas Supreme Court's response to the certification request.[4]  The Arkansas Supreme Court has declined to answer the certified question.[5] Accordingly, the stay is lifted and the Motions for Summary Judgment are ripe for resolution by this Court.

---

[1] Pls.' Mot. for Partial Summ. J. (Doc. 29); Def.'s Mot. for Partial Summ. J. (Doc. 32).

[2] Pls.' Mot. for Partial Summ. J. (Doc. 29) at 1 ("Plaintiffs . . . move for partial summary judgment on liability . . . on Counts 1 and 2 of their Second Amended Complaint . . . ."); Def.'s Mot. for Partial Summ. J. (Doc. 32) at 1 ("Defendant . . . for its Motion for Partial Summary Judgment as to Counts I and II of the Second Amended Complaint . . . states . . . .").

[3] Renewed Joint Mot. to Certify Question to Arkansas Supreme Court (Doc. 40).

[4] *See* Order (Doc. 42); Order (Doc. 45).

[5] Per Curiam Order from the Arkansas Supreme Court (Doc. 50).

To appropriately set the stage for its certification Order, this Court felt it necessary to lay out its interpretation of the Arkansas state law governing Plaintiffs' royalty-underpayment claims.[6] Although the certified question was not accepted, the Court's exercise was not fruitless.  The deep dive into the state law issues as part of the certification analysis now enables the Court to quickly resolve the pending Motions for Partial Summary Judgment.  The Court GRANTS Defendant's Motion for Partial Summary Judgment and DENIES Plaintiffs' Motion for Partial Summary Judgment pursuant to the reasoning set forth in the Court's May 26, 2023 Order certifying a legal question to the Arkansas Supreme Court.[7]  At the end of this case, judgment shall be entered in Flywheel's favor on Plaintiffs' royalty-underpayment claims (Counts I and II of the operative Complaint).

This case isn't over yet.  As noted, the dueling summary-judgment Motions concerned only Counts I and II of Plaintiffs' operative Complaint.  That Complaint contains a third Count that, among other things, challenges the constitutionality of Arkansas Code Annotated section 15-72-305.[8]  The Court requests that the parties (either jointly or separately) file a proposed plan for adjudicating Count III in order to bring this case to a final resolution.  The submission(s) must be filed within seven days of the date of this Order.  No responsive filings are permitted.

While the proposal(s) may include any information or suggestions that the parties deem appropriate, the Court specifically wants two points to be discussed.  First, the dispositive motions deadline had already expired when the Court stayed this case.[9]  Second, it seems that Federal Rule of Civil Procedure 5.1 applies to Plaintiffs' constitutional claim, and yet it does not appear that the

---

[6] *See* Order (Doc. 45) at 8–20.

[7] *Id.*

[8] *See* Second Am. Compl. (Doc. 25) ¶¶ 38–42.

[9] *See* Am. Final Scheduling Order (Doc. 20) (setting a motions deadline of January 16, 2023); Order (Doc. 42) (staying the case on April 4, 2023).

Rule's requirements have been met.  For the sake of transparency, here's where the Court's mind (tentatively) is on those two issues.  The fact that the summary-judgment deadline has expired indicates that this Court may need to reopen the window for filing dispositive motions—unless the parties wish to proceed directly to a trial.  And regardless of how the parties want to litigate the merits of Count III, Rule 5.1 seems to require giving the Arkansas Attorney General notice and a chance to intervene.[10]

IT IS SO ORDERED this 25th day of July 2023.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[10] *See* Fed. R. Civ. P. 5.1(b); 28 U.S.C. § 2403(b).